<hr/>

[No. 15282. Department Two.—June 26, 1894.]

W. N. WETMORE, RESPONDENT, v. EMMETT P. BARRETT ET AL., APPELLANTS.

PURCHASES OF MINING STOCK ON MARGINS—RECOVERY OF MONEYS PAID TO BROKERS.—An action will lie to recover back moneys paid to brokers in consideration of purchases of mining stock on margins; and where the brokers had printed the transactions and conditions upon which they were doing business, and required plaintiff's agent to agree to them, which showed that the transactions upon which the money was paid were purchases of stock on margins, the plaintiff is entitled to recover.

ID.—PAYMENT OF ASSESSMENTS UPON STOCK—REQUEST NOT IMPLIED—VOID SECURITY—SETOFF.—Where there was no request by the plaintiff for the payment of assessments by the brokers upon the mining stock purchased on margins, the law will not imply a request to pay nor promise to repay; and the transaction being void, the brokers do not hold the stocks upon which the assessments were paid as security for their payment, and cannot set them off against the recovery of the moneys paid to the brokers.

ID.—STATUTE OF LIMITATIONS—PRESUMPTION UPON APPEAL—ABSENCE OF SPECIFICATIONS.—Where the statement shows indebtedness arising more than two years before the action was commenced, and also shows that such indebtedness was based upon similar transactions to those after that period, it cannot be presumed upon appeal that any part of the moneys recovered were paid upon those transactions, where no specification as to the insufficiency of the evidence suggests such point.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court. ·

*W. T. Baggett,* for Appellants.

The evidence shows that the transactions between plaintiff and defendants were not " margin" sales within the meaning of section 26 of article IV of the constitution of the state of California. (*Kutz* v. *Fleisher,* 67 Cal. 93; Constitutional Debates, 807–09.) Section 26 of article IV of the constitution is not self-executing, and until legislation is enacted to aid it, remains inoperative. (*Hyatt* v. *Allen,* 54 Cal. 353; *French* v. *Teschemaker,* 24 Cal. 538; *People* v. *Board of Education of Oakland,* 55 Cal. 334; *People* v. *Board of Supervisors,* 33 Cal. 487; *Ex parte Wall,* 48 Cal. 318; 17 Am. Rep. 425; Constitutional Debates, 810; *Ewing* v. *Oroville etc. Co.,* 56 Cal. 649; Cooley on Constitutional Limitations, 99.) The assessments on the stocks paid by the defendants at the request of the plaintiff should have been allowed by the court, as the agreement to pay the assessment was an independent contract, and is not prohibited by the constitutional provision relied on by the plaintiff making the contract for the sale of stocks void. (See Constitution, art. IV, sec. 26.)

*Roger Johnson,* for Respondent.

The moneys sought to be recovered herein were received by appellants on contracts for the sale of shares of the capital stock of mining corporations on margin, and to be delivered at a future day, in violation of article IV, section 26, of the constitution of California. (*Cashman* v. *Root,* 89 Cal. 373; 23 Am. St. Rep. 482; Cook on Stock and Stockholders, sec. 457.) Section 26 of article IV of the constitution is self-executing. (*French* v. *Teschemaker,* 24 Cal. 538.) The defendants are not entitled to the assessments paid, as the contract was an entire contract, and part of it being void, it is void *in toto.* (*McGregor* v. *Donelly,* 67 Cal. 151; Chitty on Contracts, sec. 371; *Taaffe* v. *Josephson,* 7 Cal. 355; *Prost* v. *More,* 40 Cal. 347; *Forbes* v. *McDonald,* 54 Cal. 99.) Nor

will the pleadings in this case.permit a credit of .the assessments, for if appellants had an independent contract for assessments paid out, they must have urged it by way of counterclaim, and their answer contains no counterclaim. (*Brannan* v. *Paty*, 58 Cal. 330; *Carpenter* v. *Hewel*, 67 Cal. 589.)

The Court.—This action was brought to recover moneys paid to brokers in consideration of purchases of mining stock on margins. Most of the points raised are precisely those which were considered in *Cashman* v. *Root*, 89 Cal. 373; 23 Am. St. Rep. 482. As we are entirely satisfied with the conclusion there reached, it is not necessary to go over the matter again. Defendants had printed the terms and conditions upon which they were doing business, and required plaintiff's agent to agree to them. Those printed terms show that the transactions upon which the money was paid were purchases of stock on margins, within *Cashman* v. *Root*, 89 Cal. 373; 23 Am. St. Rep. 482.

During the time defendants held the stock as security they paid certain assessments, which they now insist should be deducted from the amount recovered. The answer contains no claim for a setoff, nor is there a plea of payment or counterclaim. No such credit seems to have been asked for in the trial court. Had there been such a plea, however, the contention could not have been sustained. There was no request made by plaintiff for the payment; and, as the transaction was void, defendants did not hold the stocks, upon which the assessments were paid, for plaintiff, or as security for a debt due from him. The law will not, therefore, imply a request to pay nor a promise to repay.

So far as the statement shows any indebtedness arising more than two years before the action was commenced, it also shows that such indebtedness was based upon similar transactions to those after that period. We cannot presume that any part of the moneys recov-

ered were paid upon any such transactions. No speci‑
fication as to the insufficiency of the evidence suggests
such point.

The judgment and order are affirmed.